# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JOE DANIEL FREDERICK, #891510, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-156-JDK-JDL |
| | § | |
| BOBBY LUMPKIN, DIRECTOR TDCJ, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Joe Daniel Frederick, a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Texas. The case was transferred to this Court for proper venue and was referred to United States Magistrate Judge, John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket Nos. 3, 5. On June 2, 2021, Judge Love issued a Report recommending that the petition be dismissed with prejudice as barred by the applicable statute of limitations and that a certificate of appealability be denied. Docket No. 9. Petitioner filed timely written objections. Docket No. 11.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The only circumstance raised in Petitioner's objection that was not previously addressed by the Magistrate Judge is Petitioner's assertion that the prison in which he is housed does not keep a copy of the Antiterrorism and Effective Death Penalty Act (AEDPA) in his housing unit, where he is confined due to his disability. Docket No. 11 at 2. He cites *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), for the suggestion that the failure to post a copy of AEDPA in his unit constituted a state-created impediment warranting a later start to his limitations period. Docket No. 11 at n.2. In *Egerton*, the United States Court of Appeals for the Fifth Circuit held that "[t]he State's failure to make available to a prisoner the AEDPA," with its "newly imposed statute of limitations," could be an impediment warranting a later start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B) if that failure actually prevented the inmate from timely filing—i.e., if the inmate was actually unaware of the AEDPA limitations period. *Egerton*, 334 F.3d at 438–39. Egerton had been in prison since before AEDPA was passed in 1996, and the district court observed that there was nothing in the record indicating that the AEDPA statutes had been available to Egerton in prison or that he had actual knowledge of its limitations period before its expiration. *Id.* at 435, 437–38. He filed his federal habeas petition within months of being transferred to a prison with an adequate law library. *Id.* at 435.

Courts applying *Egerton* have "[f]or the most part . . . determined that *Egerton* was an unusual case based on egregious facts and, therefore, its scope was limited." *Dufrene v. Ramos*, No. CV 16-13822, 2016 WL 6311122, at *3 (E.D. La. Oct. 6, 2016), *report and recommendation adopted*, 2016 WL 6276893 (E.D. La. Oct. 27, 2016). "Now that the AEDPA has been in effect for over a decade, it is unlikely that a prisoner could successfully rely upon *Egerton*, which was fact-specific to a prisoner dealing with a new law and no copy of the statute." *Romero v. Thaler*, No. 2:10-CV-075, 2010 WL 2366025, at *3 (N.D. Tex. May 25, 2010), *report and*

*recommendation adopted*, 2010 WL 2366033 (N.D. Tex. June 11, 2010). *Egerton* thus does not apply where, as here, a petitioner "does not . . . allege that he had no knowledge of AEDPA's statute of limitations." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Moreover, it has never been extended to require posting a copy of AEDPA in an inmate's housing unit, as opposed to making it available from the prison library. Petitioner is unable to visit the library personally, but he acknowledges that he can receive legal materials from the library on request and that he has had the assistance of six inmate legal assistants. Docket No. 8 at 5–6. These circumstances, combined with the fact that AEDPA became effective approximately three years before Petitioner's 1999 conviction and has now been in place for more than twenty-five years, materially distinguish this case from *Egerton*.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 11) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 9) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as untimely. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **9th** day of **July, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE